UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIM HANSON,

    Plaintiff,

v.                                                Case No.:  2:23-cv-910-SPC-KCD

SAME DAY FUNDING INC.,

    Defendant.
                                           /

## **OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss or Motion for Summary Judgment in the Alternative. (Doc. 21). For the below reasons, the Court denies the motion without prejudice.

To start, Defendant's motion does not include a compliant Local Rule 3.01(g) certification. The Court cannot overstate the importance of Local Rule 3.01(g) in helping avoid needless litigation, fostering communication between the parties, and helping to resolve disputes without court intervention. This is especially true here, where Defendant argues that Plaintiff improperly named it as a Defendant. Generally, such a matter should be easily resolved without court involvement.

Moreover, Defendant files both its motion and a separate memorandum of law in support of that motion. This is improper. *See* Local Rule 3.01(a) ("A

motion must include—*in a single document* no longer than twenty-five pages inclusive of all parts—a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").

And Defendant lumps in with its motion to dismiss an alternative motion for summary judgment. Combining these motions is improper. The forthcoming case management and scheduling order provides detailed rules for summary-judgment motions. Defendant may only file *one* motion for summary judgment absent leave of court. The summary-judgment motion must include a memorandum of law in support and a specifically captioned section titled, "Statement of Material Facts" in a single document not to exceed 25 pages in length. The statement of material facts must list each separate material fact alleged not to be disputed in separate, numbered paragraphs. Each fact must be supported by a pinpoint citation to the specific part of the record relied on to support that fact. Failure to submit a statement of material facts constitutes grounds to deny the motion. If the motion or response has exhibits totaling over ten pages, like here, it must include an index like below filed as the last attachment to the document.[1]

---

[1] An opposition to a motion for summary judgment must include a memorandum of law and a specifically captioned section titled, "Response to Statement of Material Facts" in a single document not to exceed 20 pages in length. The opposing party's response to the statement of material facts must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs. Each denial must

| Number | Title |
|---|---|
| 1 | Affidavit of John Smith |
| 2 | Jane Doe's Deposition |
| 3-A | Contract Between XYZ Company and ABC Company (Part 1, Pages 1-15) |
| 3-B | Contract Between XYZ Company and ABC Company (Part 2, Pages 16-24) |
| 4 | XYZ Company General Ledgers |

The Court hopes to avoid this motion practice. But if Defendant renews its motion(s), it must follow this Order and the local rules. Failure to do so may result in the Court denying the motion(s) with prejudice and without further notice.

Accordingly, it is now

**ORDERED:**

---

set forth a pinpoint citation to the record where the fact is disputed. Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs. In deciding a motion for summary judgment, any fact that the opposing counsel or party does not specifically controvert and not otherwise included in the Response to Statement of Disputed Material Facts may also be deemed undisputed if supported by record evidence.

The movant may file a reply brief not to exceed 7 pages in length with pinpoint citations to the record within 14 days after service of the response. Any motion for a sur-reply is disfavored and should be made only in exceptional circumstances.

The parties must submit courtesy copies of any motion, response, and reply (including exhibits or other supporting evidentiary materials). Courtesy copies must be submitted in three-ring binders and tabbed appropriately. They should be mailed by United States Mail or other reliable service to Chambers promptly after the electronic filing.

1. Defendant's Motion to Dismiss or Motion for Summary Judgment in the Alternative (Doc. 21) is **DENIED without prejudice**.

2. On or before February 20, 2024, Defendant must respond to the complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on February 13, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record